GEORGE A. JOSLYN ET AL. v. CHARLES H. KING.

[FILED JUNE 13, 1889.]

**Bailment: NEGLIGENCE.** A letter carrier in the city of O., received a registered letter directed to "F. E. B., St. Charles Hotel, Omaha, Nebraska." He delivered the letter to the clerk of the hotel, who signed the return receipt, also the letter carrier's book; but before the letter was delivered to the person to whom it was addressed, and who was a guest at the hotel, it was lost. It contained $100 in money. The loss becoming known, the letter carrier was required by the post office department to pay to the person to whom the letter was addressed the sum of $100. In an action by the carrier against the person to whom he delivered the letter, it was *held*, that a liability existed, and the judgment of the district court in favor of the letter carrier was affirmed.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*A. N. Ferguson*, for plaintiff in error, cited: 2 Thompson on Negligence, p. 1149; *Omaha Horse Railway Co. v. Doolittle*, 7 Neb., 481; *Brooks v. R. Co.*, 25 Barb., 600.

*Estabrook & Irvine*, and *W. N. Williams*, for defendant in error.

REESE, CH. J.

This is a proceeding in error to the district court for Douglas county. The facts as shown by the pleadings and bill of exceptions may be briefly stated to be substantially as follows:

George A. Joslyn was the proprietor of the St. Charles hotel, in the city of Omaha, and Fred A. Joslyn was his clerk in said hotel. Defendant in error was a letter carrier under the employment of the post office department of the United States, and in the course of his business re-

ceived for delivery a registered letter addressed to "Frank E. Blackmar, St. Charles Hotel, Omaha, Nebraska." He took the letter to the hotel, but the person to whom it was directed not being present, he delivered it to Fred A. Joslyn, the clerk of the hotel, taking his receipt therefor both upon the letter carrier's book and upon the card for return to the sender of the letter. After accepting and receipting for the letter, F. A. Joslyn placed it in the letter box in the office of the hotel. This was about noon in the day. A part of his duties being to act as night clerk in the hotel, he soon after retired to his room and went to sleep, and did not arise until about six o'clock of that evening, when it was discovered that the letter had been purloined from the letter box, in which he had placed it in the office, and could not be found. Under a regulation of the post office department, it was the duty of the carrier, defendant in error, to have delivered the letter only to the person to whom it was directed, or upon his written order. Having failed to do this, he was held responsible to the person to whom the letter was directed; and it being shown that the letter contained $100 in money, he was required to pay the same to Mr. Blackmar, which he did, and then brought suit against plaintiffs in error for the amount so paid out, charging them with negligence in failing to deliver it to the person to whom it was directed. The trial in the district court resulted in a finding and judgment in favor of defendant in error, and for the purpose of reversing this judgment plaintiffs in error bring the cause to this court by proceedings in error.

The facts seem to be substantially conceded as herein above stated, the only question presented being whether or not plaintiffs in error were liable under these conditions. It is contended that this liability does not exist, for the following reasons:

"*First*—Defendant in error was negligent himself, in delivering the letter to Fred A. Joslyn for Blackmar and

taking his receipt therefor, instead of delivering it to the person to whom it was directed.

"*Second*—That plaintiffs in error are not liable, for the reason that it is not shown that defendant in error communicated to Fred A. Joslyn, at the time that he delivered the letter to him and accepted his receipt, that it contained the remittance referred to, or that it was a valuable letter."

While it may be assumed that defendant in error was guilty of negligence in delivering the letter to plaintiffs in error, and that in so doing he became personally liable to the person to whom the letter was directed, yet we fail to see why this should relieve them from responsibility for their own negligence in the matter. In other words, the negligence of defendant in error, in delivering to plaintiffs a letter which should have been delivered to another person, cannot in any degree relieve them of the liability growing out of their own negligence. It is contended that as Fred A. Joslyn did not know that the letter contained a remittance, or was upon a matter of importance, and that he had never at any time before that received a registered letter, and did not know what it was, he should not be held liable. To this we cannot agree. The fact that a receipt was required both upon the carrier's book and upon the card to be returned to the sender was sufficient to notify him that it was at least an unusual letter, and one which required special care. He seeks to avoid this by saying that he supposed that it was simply what is known as an "immediate delivery" letter, and not of much importance. This fact would not relieve him, for had it been simply an immediate delivery letter, the fact of its being such would have been notice to him that it was of more than ordinary importance, and the same care would have been required. The receipt signed by F. A. Joslyn was introduced in evidence. It is the usual printed form in use by the post-office department, with the heading, "Registry return receipt," and immediately above the signature "F. E.

Blackmar" placed there by him, are also the words "re-ceived the above described registered letter" in large letters. This, in addition to his signature being required on the carrier's book, was sufficient to charge him with notice that the letter receipted for was of more than ordinary impor-tance, and that special care was required. The bailment was voluntarily assumed upon his part, and care should have been proportionately increased.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.